**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 29 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FAYELYNN SAMS, individually, and )
on behalf of class of all others similarly )
situated, )
            )
      Plaintiff, )
            )
v. )     **CIVIL ACTION**
            )
WINDSTREAM CORPORATION, )     **FILE NO. 1:10CV3525-TCB**
WINDSTREAM COMMUNICATIONS, )
INC., WINDSTREAM GEORGIA, LLC, )
and WINDSTREAM GEORGIA )
COMMUNICATIONS, LLC, )
            )
      Defendants. )

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Windstream Corporation, Windstream Communications, Inc.,

Windstream Georgia, LLC, and Windstream Georgia Communications, LLC

(collectively "Defendants"), by its attorneys, answer the Complaint as follows. All

allegations not expressly admitted are hereby denied.

## DEFENSES

### First Defense

The Court lacks personal jurisdiction over Windstream Corporation, which is a Delaware corporation with its principal place of business in Arkansas, and which does not conduct business in the state of Georgia.

### Second Defense

Plaintiff's claims against Windstream Corporation fail due to insufficient process and insufficient service of process.

### Third Defense

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### Fourth Defense

Plaintiff's claims are barred because Defendants have, at all times, acted in compliance with the law.

### Fifth Defense

Plaintiff's claims are barred by the good faith defenses in the Stored Communications Act ("SCA") and Wiretap Act and by Defendants' compliance with those laws.

### Sixth Defense

Plaintiff lacks standing to assert the claims in the Complaint.

## Seventh Defense

Plaintiff's claims for punitive damages are barred because the imposition of

punitive damages against Defendants under the facts of this case would violate the

Excessive Fines and Due Process Clauses of the Georgia Constitution and the

Constitution of the United States.

## DEFENDANTS' RESPONSES
## TO THE NUMBERED ALLEGATIONS OF THE COMPLAINT

## PRELIMINARY STATEMENT

**1.     This is a class action lawsuit, brought by, and on behalf of, a
nationwide class of individuals whose privacy rights were violated by
Windstream's willful violations of the SCA and Wiretap Act and their
prohibitions against voluntary disclosure of subscribers' private data and
information.**

1.     Defendants admit that the Complaint purports to bring a putative class

action lawsuit under the SCA and Wiretap Act.  Defendants deny the remaining

allegations in Paragraph 1.

**2.     Windstream disclosed private data regarding Windstream
Internet subscribers to law enforcement and other government entities
without the subscribers' knowledge or authorization and without proper
compliance with the compelled disclosure provisions of the SCA and Wiretap
Act.  The impermissibly disclosed private data included some or all of the
following: name, address, date of birth, gender, length of service including
start date, telephone number, instrument number or other customer number
or identity, including a temporarily assigned network address, email account
names, the content of email communications, billing information including
bank or credit card numbers, and other Internet Protocol (IP) address
information.**

810940.1

2.     Defendants deny the allegations of Paragraph 2 and state that

Windstream entities have lawfully provided certain subscriber information in

compliance with the SCA and the Wiretap Act.  In further response, Defendants

state that subscribers have no privacy rights in information that is publicly

available.

**3.     Windstream's unlawful disclosure of private subscriber data violates subscribers' rights under the SCA, the federal Wiretap Act and constitutes a breach of contract.**

3.     Defendants deny the allegations in Paragraph 3.

**4.     Plaintiff seeks monetary damages, including statutory damages, punitive damages, equitable relief, attorneys' fees and expenses of litigation on behalf of herself and members of the class.**

4.     Defendants admit that Plaintiff seeks monetary damages, but deny that

Plaintiff has suffered or is entitled to any such damage and deny the remaining

allegations in Paragraph 4.

## PARTIES, JURISDICTION AND VENUE

**5.     Plaintiff Fayelynn Sams is a resident of the State of Georgia and a Windstream Internet Subscriber.  In or about December 2008, Plaintiff had her private subscriber information and data disclosed by Windstream to law enforcement and other government entities without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act.**

810940.1

4

5.     Defendants lack information or belief sufficient to admit or deny the

state of Fayelynn Sams's residency.  Defendants deny the remaining allegations in

Paragraph 5.

**6.     Defendant Windstream Corporation is a Delaware corporation that does business and operates in the State of Georgia.  Windstream Corporation may be properly served through its registered agent of service, CT Corporation System at 1201 Peachtree Street NE in Atlanta, Georgia 30361.**

6.     Defendants admit that Windstream Corporation is a Delaware

corporation, but deny the remaining allegations in Paragraph 6.

**7.     Defendant Windstream Corporation is subject to the jurisdiction of this Court and venue is proper.**

7.     Defendants deny the allegations in Paragraph 7.

**8.     Defendant Windstream Communications, Inc. is a Delaware corporation that does business and operates in the State of Georgia. Windstream Communications, Inc. may be properly served through its registered agent of service, CT Corporation System at 1201 Peachtree Street NE in Atlanta, Georgia 30361.**

8.     Defendants admit the allegations in Paragraph 8.

**9.     Defendant Windstream Communications, Inc. is subject to the jurisdiction of this Court and venue is proper.**

9.     Defendants admit the allegations in Paragraph 9.

**10.     Defendant Windstream Georgia, LLC is a Georgia limited liability company that does business and operates in the State of Georgia. Windstream Georgia, LLC may properly be served through its registered**

agent of service, CT corporation System at 1201 Peachtree Street NE in Atlanta, Georgia 30361.

10.     Defendants admit the allegations in Paragraph 10.

**11.     Defendant Windstream Georgia, LLC is subject to the jurisdiction of this Court and venue is proper.**

11.     Defendants admit the allegations in Paragraph 11.

**12.     Defendant Windstream Georgia Communications, LLC is a Georgia limited liability company that does business and operates in the State of Georgia.  Windstream Georgia Communications, LLC may be properly served through its registered agent of service, CT Corporation System at 1201 Peachtree Street NE in Atlanta, Georgia 30361.**

12.     Defendants admit the allegations in Paragraph 12.

**13.     Defendant Windstream Georgia Communications, LLC is subject to the jurisdiction of this Court and venue is proper.**

13.     Defendants admit the allegations in Paragraph 13.

**14.     This Court has subject matter jurisdiction over this action and venue is proper.**

14.     Defendants admit the allegations in Paragraph 14.

## STATEMENT OF FACTS

**15.     Windstream is an S&P 500 company with operations in 23 states and about $4 billion in annual revenues.  Windstream provides phone, high-speed Internet and high-definition digital TV services.  The company also offers a wide range of IP-based voice and data services and advanced phone systems and equipment to businesses and government agencies.  Windstream has approximately 1.3 million Internet customers in 23 states.**

810940.1

15.    Defendants admit that the allegations in Paragraph 15 are generally true on a consolidated basis for Windstream Corporation and all of its direct and indirect subsidiaries.

**16.    The SCA is sometimes referred to as the Electronic Communications Privacy Act.  The SCA was included as Title II of the Electronic Communications Privacy Act of 1986 ("ECPA"), but the ECPA itself also included amendments to the Wiretap Act.**

16.    Defendants state that the terms of the SCA, ECPA and Wiretap Acts speak for themselves.  To the extent the allegations in Paragraph 16 are inaccurate statements of the law and/or incomplete, Defendants deny the allegations in Paragraph 16.

**17.    These federal laws sets forth a system of statutory privacy rights for customers and subscribers of computer internet service providers, such as Windstream.**

17.    Defendants state that the federal laws speak for themselves.  To the extent the allegations in Paragraph 17 are inaccurate statements of the law and/or incomplete, Defendants deny the allegations in Paragraph 17.

**18.    The Windstream Privacy Statement attached hereto as Exhibit A and incorporated herein by reference, sets forth the rights of a customer or subscriber to Windstream's Internet services concerning the collection, protection, use and disclosure of a customer or subscriber's private information and data as required by law and by Windstream's applicable privacy policies.**

810940.1

18.   Defendants admit that Exhibit A contains one version of a "Privacy Statement," but deny that Exhibit A contains the Privacy Statement in effect in the time period relevant to the allegations in the Complaint.  Defendants deny the remaining allegations in Paragraph 18.

**19.   Windstream claims to protect subscriber privacy as required by law and applicable privacy policies but indicates that it may be required to provide private information to comply, when required by law, with court or administrative orders, civil or criminal subpoenas, warrants from law enforcement and other government entities agencies, federal or state regulatory requirements, mandatory governmental audits, E911 reporting requirements, grand jury investigations, civil or criminal governmental investigations or reporting required by the National Center for Missing and Exploited Children, designated by federal laws as a reporting mechanism for child pornography.**

19.   Defendants admit that they comply with all applicable laws and agreements.  Defendants deny any remaining allegations in Paragraph 19, and state that Windstream's privacy policies speak for themselves as to their contents.

**20.   Windstream's Subpoena Policy provides that when seeking account information or private subscriber information Windstream must be served with a valid subpoena at it Subpoena Administrator located in Charlotte, North Carolina.**

20.   Defendants deny that the allegations in Paragraph 20 reflect Windstream's current "subpoena policy" and deny that the allegations in Paragraph 20 reflect Windstream's "subpoena policy" at the time period relevant to the allegations in the Complaint, and state that Windstream's privacy policies speak

810940.1

for themselves as to their contents.  Defendants deny and remaining allegations in

Paragraph 20.

**21.     Although Windstream claims to conform with the strict Requirements of the applicable federal statutes when releasing private subscriber information and data, Windstream routinely and unlawfully accepts as valid legal process, facsimile transmissions of state grand jury or trial subpoenas, often with express instructions on the face of the state subpoena to not provide notice of the subpoena to the subscriber.**

21.     Defendants admit that they have complied with subpoenas seeking

subscriber information, as authorized by law, but deny any unlawful conduct and

otherwise deny the remaining allegations in Paragraph 21.

**22.     State grand jury or trial subpoenas have no force and effect outside of the state of issuance, and when faxed or sent out of state, said subpoenas are invalid.**

22.     Paragraph 22 sets forth a legal conclusion to which no response is

required and which is incorrect and incomplete as stated.  Defendants deny the

allegations in Paragraph 22.

**23.     Windstream's disclosure of a subscriber's private information and data in response to a state grand jury or trial subpoena is improper, violative of federal privacy laws, and a breach of contract.**

23.     Defendants deny the allegations in Paragraph 23.

**24.     Although Windstream claims to conform with the strict requirements of the applicable federal statutes when releasing private subscriber information and data, Windstream routinely and unlawfully accepts as valid legal process, facsimile transmissions of search warrants signed by state magistrates and other state judges.**

810940.1

24.     Defendants admit that they have complied with search warrants

seeking subscriber information, as authorized by law, but deny any unlawful

conduct and otherwise deny the remaining allegations in Paragraph 24.

**25.     Search warrants signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and when faxed or sent out of state, said search warrants are not deemed issued by a court of competent jurisdiction.**

25.     Paragraph 25 sets forth a legal conclusion to which no response is

required and which is incorrect and incomplete as stated.  Defendants deny the

allegations in Paragraph 25.

**26.     Windstream's disclosure of a subscriber's private information and data in response to a state search warrant is improper, violative of federal privacy laws, and a breach of contract.**

26.     Defendants deny the allegations in Paragraph 26.

## CLASS ACTION ALLEGATIONS

**27.     Plaintiff brings this action on behalf of all persons in the United States, who are or were Internet subscribers of Windstream and have had private data or information regarding their Windstream accounts made available to law enforcement and other government entities, without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act and in violation of the Windstream's agreement with its subscribers as set forth in the Windstream Privacy Statement, at any time from January 1, 2006, to the present (the "Class").  The "Class Period" is from January 1, 2006, to the present.**

27.    Defendants admit that Plaintiff purports to bring a class action on

behalf of the class described in Paragraph 27, but deny that a class may be certified

and deny the remaining allegations in Paragraph 27.  In further response,

Defendants state that Windstream Corporation and Windstream Communications,

Inc. were formed on or about July 17, 2006.  The remaining defendants became

subsidiaries of Windstream Corporation on or about July 17, 2006.

**28.    The members of the Class are so numerous that joinder of all
members is impracticable.  Plaintiff believes the Class contains many
thousands of members, and the actual number of Class members can be
ascertained through discovery and Windstream's computerized and other
records.**

28.    Defendants deny the allegations in the first sentence in Paragraph 28.

With regard to the second sentence, Defendants lack information or belief

sufficient to admit or deny Plaintiff's beliefs and Defendants deny the remaining

allegations.

**29.    Common questions of law and fact exist as to all members of the
Class and predominate over any questions affecting solely individual members
of the Class.  The common questions and common issues include, but are not
limited to:  whether Windstream made available to law enforcement and
other government entities private data or information regarding the Class and
their Windstream accounts; whether Windstream made available to law
enforcement and other government entities private data or information
regarding the Class and their Windstream accounts without a valid legal
process such as a subpoena, court order, or search warrant; whether
Windstream made available to law enforcement and other government
entities private data or information regarding the Class and their Windstream
accounts without a valid search warrant; whether Windstream made**

810940.1

available to law enforcement and other government entities private data or information regarding the Class and their Windstream accounts without a valid subpoena; whether by committing these acts and omissions Windstream violated federal and state laws; what private data or information was disclosed by Windstream to law enforcement and other government entities and how; and whether class members are entitled to injunctive, declarative and monetary relief as a result of Windstream's conduct.

29.   Defendants deny the allegations in Paragraph 29.

**30.   Plaintiffs claims are typical of the claims of the members of the Class because Plaintiff and the other members of the Class each sustained damages arising out of Windstream's wrongful conduct as complained of herein.   Plaintiff is or was an Internet subscriber of Windstream who had private data and information regarding her Windstream account made available to law enforcement and other government entities without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act.**

30.   Defendants deny the allegations in Paragraph 30.

**31.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and complex litigation.   Plaintiff has no interests antagonistic to or in conflict with those of the Class.**

31.   Defendants deny the allegations in Paragraph 31.

**32.   Class action status in this action is warranted under O.C.G.A. § 9-11-23(b)(l)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.**

32.   Defendants deny the allegations in Paragraph 32.

810940.1

**33.** Class action status is also warranted under the other subsections of O.C.G.A. § 9-11-23(b) because: (i) prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants; (ii) Windstream acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole; and (iii) Windstream has and continues to disclose private data and information to law enforcement and other government entities without the users' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act. Accordingly, declaratory and injunctive relief that prevents Windstream from continuing to make said impermissible disclosures of private data and information to law is appropriate on a class wide basis.

33.   Defendants deny the allegations in Paragraph 33.

**34.** Questions of law or fact common to members of the Class predominate over any questions affecting only individual members of the Class.

34.   Defendants deny the allegations in Paragraph 34.

**35.** A class action is a superior method of adjudicating the Class members' claims because individual actions would unnecessarily burden the Court and create the risk of inconsistent results.

35.   Defendants deny the allegations in Paragraph 35.

**36.** Given the significant expense required to prosecute the foregoing claims against Windstream, the costs of individual actions would exceed or consume the amount recovered in any individual action. The expense of pursuing individual actions will require individual members of the Class to forego their individual claims against Windstream if they are not permitted to pursue those claims as a Class.

36.   Defendants deny the allegations in Paragraph 36.

**37.    Plaintiff is not aware of any litigation concerning this controversy that has already been initiated by or against any members of this Class.**

37.    Defendants lack information or belief sufficient to admit or deny the

allegations in Paragraph 37 and on that basis, deny the allegations in Paragraph 37.

**38.    Plaintiff anticipates no extraordinary or unusual difficulty in the management of this litigation that would preclude its maintenance as a class action because the evidence proving the disclosure of private data and information to law enforcement and other government entities without the users' knowledge or authorization and without proper compliance with the compelled disclosure provisions of the SCA and Wiretap Act is ascertainable through discovery; the identities of the Class members are known to Windstream; and damages, including the applicable statutory damages, can be calculated to a reasonable certainty through expert testimony.**

38.    Defendants lack information or belief sufficient to admit or deny what

Plaintiff anticipates.  Defendants deny the remaining allegations in Paragraph 38.

## COUNT ONE

### (Stored Communications Act, 18 U.S.C. § 2701 *et seq.)*

**39.    Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 as if fully set forth herein.**

39.    Defendants restate their responses to Paragraph 1 through 38.

**40.    The Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA") sets forth a system of statutory privacy rights for customers and subscribers of computer network service providers.**

40.     The terms of the SCA speak for themselves.  To the extent the

allegations in Paragraph 40 are inaccurate statement of the law and/or incomplete,

Defendants deny the allegations in Paragraph 40.

**41.     18 U.S.C. § 2702 regulates voluntary disclosure by network service providers of customer communications and records, including specific prohibitions.**

41.     The terms of the 18 U.S.C. § 2702 speak for themselves.  To the

extent the allegations in Paragraph 41 are inaccurate statement of the law and/or

incomplete, Defendants deny the allegations in Paragraph 41.

**42.     In relevant part, 18 U.S.C § 2702(a)(l) provides:  "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage on that service."**

42.     The terms of the 18 U.S.C. § 2702(a)(1) speak for themselves.  To the

extent the allegations in Paragraph 42 are inaccurate statement of the law and/or

incomplete, Defendants deny the allegations in Paragraph 42.

**43.     In relevant part, 18 U.S.C § 2702(a)(2) provides:  "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service."**

43.     The terms of the 18 U.S.C. § 2702(a)(2) speak for themselves.  To the

extent the allegations in Paragraph 43 are inaccurate statement of the law and/or

incomplete, Defendants deny the allegations in Paragraph 43.

**44.     18 U.S.C. § 2703 articulates the steps that federal and state law enforcement officers and other government entities must follow to compel providers to disclose the content of stored wire or electronic communications and other information such as account records and basic subscriber and session information.**

44.     The terms of the 18 U.S.C. § 2703 speak for themselves.  To the

extent the allegations in Paragraph 44 are inaccurate statement of the law and/or

incomplete, Defendants deny the allegations in Paragraph 44.

**45.     Pursuant to 18 U.S.C. § 2703, law enforcement and other government entities can compel disclosure after obtaining a valid grand jury or trial subpoena and with notice of the subpoena to the subscriber.**

45.     The terms of the 18 U.S.C. § 2703 speak for themselves.  To the

extent the allegations in Paragraph 45 are inaccurate statement of the law and/or

incomplete, Defendants deny the allegations in Paragraph 45.

**46.     State grand jury or trial subpoenas have no force and effect outside of the state of issuance, and cannot be used or served in another state to compel a provider in the foreign state to give testimony or produce records.**

46.     Paragraph 46 contains legal conclusions to which no response is

required.  To the extent the allegations in Paragraph 46 are inaccurate statements of

the law and/or incomplete, Defendants deny the allegations in Paragraph 46.

**47.     Windstream's disclosure of a subscriber's private information and data in response to a state grand jury or trial subpoena is improper and violative of the SCA.**

47.     Defendants deny the allegations in Paragraph 47.

**48.    Windstream's disclosure of a subscriber's private information and data in response to a state grand jury or trial subpoena without notice of the subpoena to the subscriber is improper and violative of the SCA.**

48.    Defendants deny the allegations in Paragraph 48.

**49.    By disclosing subscriber, account and Internet Protocol ("IP") address information in response to a state grand jury or trial subpoena that has no force and effect outside of the state of issuance, Windstream knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. § 2702(a)(1).**

49.    Defendants deny the allegations in Paragraph 49.

**50.    Pursuant to 18 U.S.C. § 2703(c)(1)(A), a law enforcement officer can compel disclosure after obtaining a warrant issued by a court of competent jurisdiction.**

50.    The terms of the 18 U.S.C. § 2703(c)(1)(A) speak for themselves. To the extent the allegations in Paragraph 50 are inaccurate statement of the law and/or incomplete, Defendants deny the allegations in Paragraph 50.

**51.    Search warrants, however, signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and therefore those search warrants are not issued by a court of competent jurisdiction.**

51.    Paragraph 51 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 51 are inaccurate statements of the law and/or incomplete, Defendants deny the allegations in Paragraph 51.

810940.1

**52.    Windstream's disclosure of a subscriber's private information and data in response to a state search warrant is improper and violative of the SCA.**

52.    Defendants deny the allegations in Paragraph 52.

**53.    By disclosing subscriber, account and Internet Protocol ("IP") address information in response to a state search warrant that has no force and effect outside of the state of issuance, Windstream knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. § 2702(a)(1).**

53.    Defendants deny the allegations in Paragraph 53.

**54.    Windstream provides remote computing services to the public as defined in 18 U.S.C. § 2711(2) because it provides computer storage or processing services by means of an electronic communications system.**

54.    Paragraph 54 contains legal conclusion to which no response is

required.  To the extent the allegations in Paragraph 54 are inaccurate statement of

the law and/or incomplete, Defendants deny the allegations in Paragraph 54.

**55.    Windstream carries and maintains its subscribers' private information and data, contact lists, email communications, website posts and other IP address information on behalf of the subscriber or customer of such Internet service.**

55.    Defendants admit that certain Windstream entities provide services to

subscribers that include access to high-speed internet and the provision of email

services.  Among its services, certain Windstream entities provide dynamic

Internet Protocol ("IP") addresses to subscribers. Defendants deny the remaining allegations in Paragraph 55.

**56.   Windstream carries and maintains some of its subscribers' private information and data, contact lists, email communications, website posts and other IP address information solely for the purpose of providing storage and computer processing services to its users. Windstream is not authorized to access this information for purposes other than providing storage and computer processing.**

56.   Defendants admit that certain Windstream entities provide services to subscribers that include access to high-speed internet and the provision of email services. Among its services, certain Windstream entities provide dynamic Internet Protocol ("IP") addresses to subscribers. Defendants admit that certain Windstream entities offer an online backup storage service to subscribers for a separate fee. Defendants deny the remaining allegations in Paragraph 56.

**57.   By engaging in the foregoing acts and omissions, Windstream knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications that are carried and maintained by Windstream on behalf of, and received by transmission from, subscribers of Windstream's Internet service in violation of 18 U.S.C. § 2702(a).**

57.   Defendants deny the allegations in Paragraph 57.

**58.   Windstream's knowing, willful, unlawful, and intentional disclosure of the contents of communications that are carried and maintained by Windstream on behalf of, and received by transmission from, subscribers of Windstream's Internet service, were not made pursuant to any exceptions to the prohibitions against disclosure as set forth in 18 U.S.C. § 2702(b).**

58.   Defendants deny the allegations in Paragraph 58.

810940.1

**59.   Windstream also engaged in the foregoing acts and omissions without obtaining a warrant issued by a court of competent jurisdiction as required by 18 U.S.C. § 2703(c)(1)(A).**

59.   Defendants lack an understanding as to what alleged "acts and omissions" Paragraph 59 refers and deny the allegations in Paragraph 59.  In further response, Defendants deny that they have acted in violation of the SCA or Wiretap Act or any other law.

**60.   Windstream also engaged in the foregoing acts and omissions without obtaining a valid grand jury or trial subpoena as required by 18 U.S.C. § 2703(b).**

60.   Defendants lack an understanding as to what alleged "acts and omissions" Paragraph 60 refers and deny the allegations in Paragraph 60.  In further response, Defendants deny that they have acted in violation of the SCA or Wiretap Act or any other law.

**61.   Windstream also engaged in the foregoing acts and omissions without prior notice from the government entity to the subscriber as required by 18 U.S.C. § 2703(b).**

61.   Defendants lack an understanding as to what alleged "acts and omissions" Paragraph 61 refers and deny the allegations in Paragraph 61.  In further response, Defendants deny that they have acted in violation of the SCA or Wiretap Act or any other law.

810940.1

**62.     None of the foregoing acts and omissions taken by Windstream are were [sic] permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2702(b).**

62.     Defendants lack an understanding as to what alleged "acts and omissions" Paragraph 62 refers and deny the allegations in Paragraph 62.  In further response, Defendants deny that they have acted in violation of the SCA or Wiretap Act or any other law.

**63.     None of the foregoing acts and omissions taken by Windstream are based on a good faith reliance on anything as to constitute a complete defense to this civil action as provided in 18 U.S.C. § 2707(e).**

63.     Defendants lack an understanding as to what alleged "acts and omissions" Paragraph 63 refers and deny the allegations in Paragraph 63.  In further response, Defendants deny that they have acted in violation of the SCA or Wiretap Act or any other law and state that they have acted at all times in good faith reliance on the law.

**64.     Because of the foregoing violations, Plaintiff, on behalf of herself and the class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate pursuant to 18 U.S.C. § 2707(b)(1).**

64.     Defendants deny the allegations in Paragraph 64.

**65.     Plaintiff, on behalf of herself and the class, is entitled to a reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2707(b)(3).**

65.     Defendants deny the allegations in Paragraph 65.

810940.1

**66.     Plaintiff on behalf of herself and the class is entitled to recover monetary damages including actual damages, and statutory damages in the amount of not less than $1,000.00 per class member as provided by 18 U.S.C. § 2707(c).**

66.     Defendants deny the allegations in Paragraph 66.

**67.     Because Windstream's violations were willful and intentional, plaintiff on behalf of herself and the class is entitled to recover punitive damages as provided by 18 U.S.C. § 2707(c).**

67.     Defendants deny the allegations in Paragraph 67.

## COUNT TWO

### (Wiretap Act, 18 U.S.C. § 2510 *et seq.*)

**68.     Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 67 as if fully set forth herein.**

68.     Defendants restate their responses to Paragraph 1 through 67.

**69.     Windstream's subscribers' contact lists, email communications, website posts and other IP address information are electronic communications within the meaning of 18 U.S.C. § 2510(12).**

69.     Paragraph 69 contains legal conclusion to which no response is

required.  To the extent the allegations in Paragraph 69 are inaccurate statements of

the law and/or incomplete, Defendants deny the allegations in Paragraph 69.

**70.     By disclosing subscribers' private information and data, contact lists, email communications, website posts and other IP address information to law enforcement and other government entities without a valid grand jury or trial subpoena, Windstream knowingly, willfully, unlawfully, intentionally**

and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

70.    Defendants deny the allegations in Paragraph 70.

**71.**    **By disclosing subscribers' private information and data, contact lists, email communications, website posts and other IP address law enforcement and other government entities without a valid grand jury or trial subpoena, Windstream knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications on Windstream's internet service to persons other than the intended recipients in violation of 18 U.S.C. § 251 1(3)(a).**

71.    Defendants deny the allegations in Paragraph 71.

**72.**    **By disclosing subscribers' private information and data, contact lists, email communications, website posts and other IP address information to law enforcement and other government entities without a warrant issued by a court of competent jurisdiction, Windstream knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).**

72.    Defendants deny the allegations in Paragraph 72.

**73.**    **By disclosing subscribers' private information and data, contact lists, email communications, website posts and other IP address information to law enforcement and other government entities without a warrant issued by a court of competent jurisdiction, Windstream knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications on Windstream's internet service to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).**

73.    Defendants deny the allegations in Paragraph 73.

**74.**    **Windstream is not a party to any of the above-mentioned communications, nor have any of the parties to the communications given prior consent to Windstream's interception or divulging of those communications as defined by 18 U.S.C. § 2511(2)(d).**

810940.1

74.    Defendants lack an understanding as to what alleged "above-mentioned communications" Paragraph 74 refers and deny the allegations in Paragraph 74.

**75.    Windstream engaged in the foregoing acts and omissions without first obtaining a valid grand jury or trial subpoena.**

75.    Defendants lack an understanding as to what alleged "acts and omissions" Paragraph 75 refers and deny the allegations in Paragraph 75.  In further response, Defendants deny that they have acted in violation of the SCA or Wiretap Act.

**76.    Windstream engaged in the foregoing acts and omissions without first obtaining a warrant issued by a court of competent jurisdiction.**

76.    Defendants lack an understanding as to what alleged "acts and omissions" Paragraph 76 refers and deny the allegations in Paragraph 76.  In further response, Defendants deny that they have acted in violation of the SCA or Wiretap Act.

**77.    None of the foregoing acts and omissions taken by Windstream were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2511(2).**

810940.1

77.   Defendants lack an understanding as to what alleged "acts and

omissions" Paragraph 77 refers and deny the allegations in Paragraph 77.  In

further response, Defendants deny that they have acted in violation of the SCA or

Wiretap Act.

**78.   None of the foregoing acts and omissions taken by Windstream were based on a good faith reliance on valid legal process or anything else as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).**

78.   Defendants lack an understanding as to what alleged "acts and

omissions" Paragraph 78 refers and deny the allegations in Paragraph 78.  In

further response, Defendants deny that they have acted in violation of the SCA or

Wiretap Act.

**79.   Because of the foregoing violations, Plaintiff, on behalf of herself and the class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate pursuant to 18 U.S.C. § 2520(b)(1).**

79.   Defendants deny the allegations in Paragraph 79.

**80.   Because Windstream's violations were willful and intentional, Plaintiff, on behalf of herself and the class, is entitled to recover punitive damages as provided by 18 U.S.C. § 2520(b)(2).**

80.   Defendants deny the allegations in Paragraph 80.

**81.   Plaintiff, on behalf of herself and the class, is entitled to reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2520(b)(3).**

81.   Defendants deny the allegations in Paragraph 81.

**82.   Plaintiff, on behalf of herself and the class, is entitled to recover monetary damages including actual damages, and statutory damages in the amount of not less than $10,000.00 per class member as provided by 18 U.S.C. § 2520(c)(2).**

82.   Defendants deny the allegations in Paragraph 82.

## COUNT THREE

### (Breach of Contract)

**83.   Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 82 as if fully set forth herein.**

83.   Defendants restate their responses to Paragraph 1 through 82.

**84.   Windstream has entered into an agreement with its subscribers regarding the disclosure of its subscribers' private information and data, which is set forth in the Windstream Privacy Statement (the "Agreement").**

84.   Defendants admit that certain Windstream entities enter agreements

with their subscribers, the contents of which speak for themselves.  Defendants

deny the remaining allegations in Paragraph 84.

**85.   The Agreement sets forth the rights of a subscriber to Windstream's Internet, digital TV or phone services concerning the collection, protection and disclosure of a subscriber's private information and data as required by law and by Windstream's applicable privacy policies.  Plaintiff and the Class were the intended beneficiaries of such agreement.**

85.   Defendants deny the allegations in Paragraph 85.

**86.    Windstream breached the Agreement by disclosing subscriber's private information and data to law enforcement and other government entities without compliance with the terms of a valid legal process such as a subpoena, court order, or search warrant.**

86.    Defendants deny the allegations in Paragraph 86.

**87.    As a beneficiary of the Agreement with Windstream, Plaintiff, on behalf of herself and the Class, asserts this breach of contract claim against Windstream.**

87.    Defendants admit that Plaintiff asserts a breach of contract claim

against Defendants but deny that Defendants have breached any contract with

Plaintiff or any contract of which she is a legal beneficiary and deny the remaining

allegations in Paragraph 87.

**88.    Windstream is liable to Plaintiff and members of the Class for the damages resulting from said unlawful disclosures in violation of the Agreement during the Class Period, plus prejudgment interest and any other relief ordered by the Court.**

88.    Defendants deny the allegations in Paragraph 88.

**89.    All conditions precedent to bringing this Count have been completed, performed and/or waived.**

89.    Defendants deny the allegations in Paragraph 89.

## COUNT FOUR

### (Breach of Implied Duty of Good Faith and Fair Dealing)

**90.    Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the allegations contained in paragraphs 1 through 89 as if fully set forth herein.**

810940.1

90.    Defendants restate their responses to Paragraph 1 through 89.

**91.    Every contract implies a covenant or duty of good faith and fair dealing in the performance of the agreement and its enforcement, including Windstream's agreement with its subscribers regarding the disclosure of its subscribers private information and data, which is set forth in the Windstream Privacy Statement.**

91.    Paragraph 91 contains legal generalizations and conclusions to which no response is required.  To the extent the allegations in Paragraph 91 are inaccurate statements of the law and/or incomplete, Defendants deny the allegations in Paragraph 91.  In further response, Defendants note that the accuracy and completeness of Plaintiff's statement of the law will vary from state to state.

**92.    Under the duty of good faith and fair dealing, both parties to a contract impliedly promise to perform their promises and provide such cooperation as is required for the other party's performance.**

92.    Paragraph 92 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 92 are inaccurate statements of the law and/or incomplete, Defendants deny the allegations in Paragraph 92.  In further response, Defendants note that the accuracy and completeness of plaintiff's statement of the law will vary from state to state.

**93.    Under the duty of good faith and fair dealing, both parties to a contract impliedly promise compliance with the spirit, and not merely the letter, of a contract.**

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 93 are inaccurate statements of the law and/or incomplete, Defendants deny the allegations in Paragraph 93. In further response, Defendants note that the accuracy and completeness of plaintiff's statement of the law will vary from state to state.

**94. Plaintiff and the Class reasonably relied on Windstream to comply with its duty of good faith and fair dealing with regard to the terms of the Agreement.**

94. Defendants lack information or belief sufficient to admit or deny what Plaintiff or the Class relied on, therefore deny the allegations in Paragraph 94. In further response, Defendants note that the accuracy of this statement will vary from putative class member to class member.

**95. The Agreement is a form contract, the terms of which are deemed to have been accepted once Windstream provides any Internet service or other service to a subscriber. The Agreement purports to notify Windstream subscribers of Windstream's agreement with subscribers regarding the collection, protection, use and disclosure of its subscribers' private information and data.**

95. Defendants admit that certain Windstream entities enter agreements with their subscribers, the contents of which speak for themselves. Defendants deny the remaining allegations in Paragraph 95

**96. Windstream has a duty to exercise good faith in its protection of its subscribers' private information and data by requiring valid legal process prior to disclosure of its subscribers' private information and data.**

96.     Paragraph 96 contains legal conclusions to which no response is

required. To the extent the allegations in Paragraph 96 are inaccurate statements of

the law and/or incomplete, Defendants deny the allegations in Paragraph 96. In

further response, Defendants have no implied duties inconsistent with or in excess

of applicable federal law.

**97.     Windstream breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of state grand jury or trial subpoenas, which have no force and effect outside of the state of issuance and are invalid.**

97.     Defendants deny the allegations in Paragraph 97.

**98.     Windstream breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of search warrants signed by state magistrates and other state judges, which have no force and effect outside of the state of issuance.**

98.     Defendants deny the allegations in Paragraph 98.

**99.     Windstream is liable to Plaintiff and members of the Class for the damages resulting from said breach of implied duty of good faith and fair dealing during the Class Period, plus prejudgment interest and any other relief ordered by the Court.**

99.     Defendants deny the allegations in Paragraph 99.

**100.   All conditions precedent to bringing this Count have been completed, performed andlor waived.**

100.   Defendants deny the allegations in Paragraph 100.

Respectfully submitted, this 29th day of October, 2010.

Frank M. Lowrey
Georgia Bar No. 410310
Alison B. Prout
Georgia Bar No. 141666

**BONDURANT, MIXSON & ELMORE, LLP**      **Attorneys for Defendants**
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111

810940.1

## CERTIFICATE OF SERVICE

I hereby certify that caused to be served a true and correct copy of the

foregoing DEFENDANTS' ANSWER TO COMPLAINT upon counsel of record

by United States Mail, with adequate postage thereon and addressed as follows:

> Joshua A. Millican, Esq.
> Law Office of Joshua A. Millican, P.C.
> The Grant Building
> Suite 706
> 44 Broad Street, N.W.
> Atlanta, Georgia  30303
>
> Anthony J. Morgese, Esq.
> Morgese Law Firm
> 3233 S. Cherokee Land
> Building 1000
> Woodstock, Georgia  30188

This 29th day of October, 2010.

Alison B. Prout
Georgia Bar No. 141666