**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No.: 1:10-cv-3525-TCB ) |
| vs. | ) ) |
| WINDSTREAM CORPORATION, WINDSTREAM COMMUNICATIONS, INC., WINDSTREAM GEORGIA, LLC, and WINDSTREAM GEORGIA COMMUNICATIONS, LLC, | ) ) ) ) ) ) |
| Defendants, | ) ) |

## <u>PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

COMES NOW, Plaintiff Fayelynn Sams ("Plaintiff"), Individually, and on behalf of a class of all others similarly situated, by and through the undersigned counsel, and files this Motion to Remand to Fulton County Superior Court pursuant to 28 U.S.C. § 1447(c), and states as follows:

## I.    PROCEDURAL BACKGROUND

On September 28, 2010, Plaintiff filed a Class Action Complaint ("Complaint") in the Superior Court of Fulton County, State of Georgia (the "State Court Case") against Windstream Corporation, Windstream Communications, Inc., Windstream Georgia, LLC, and Windstream Georgia Communications, LLC (collectively "Windstream" or "Defendants").   The Civil Action File No. 2010CV191484 was assigned to the State Court Case.  Windstream was served on September 30, 2010, with a copy of the Summons and Complaint in the State Court Action.

On October 29, 2010, Defendants filed a Notice of Removal to this Court. (Doc. No. 1). This removal was improper, as it did not comply with the Rule 11 Signature Requirement of 28 U.S.C. § 1446(a).   The critical fact that renders Defendants' removal improper is the fact that Defendants' counsel failed to properly execute the Notice of Removal. The time to amend removal defects has passed.  Accordingly this case should be remanded to the Superior Court of Fulton County for all further proceedings.

## II.    DEFENDANTS HAVE NOT SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

The removal statute requires a defendant to file its notice of removal within thirty (30) days receipt of a pleading, setting forth a basis for removal.  *See* 28

U.S.C. § 1446(b).  More specifically, the statute requires that a "[a] defendant …

desiring to remove any civil action … from a State court shall file in the district

court … a notice of removal **signed pursuant to Rule 11** of the Federal Rules of

Civil Procedure …."  *See* 28 U.S.C. § 1446(a) (emphasis added).

28 U.S.C. § 1447 specifies two grounds for remanding a removed case: (1)

lack of subject matter jurisdiction; or (2) procedural defect in the removal of the

case. *See* 28 U.S.C. § 1447(c); Things Remembered, Inc. v. Petrarca, 516 U.S. 124,

127-8 (1995).  "[A] court must strictly construe the requirements of the removal

statute, as removal constitutes an infringement on state sovereignty."  Beard v.

Lehman Brothers Holdings, Inc., 458 F.Supp.2d 1314, 1317 (M.D. Al. 2006)

(citations omitted).  Indeed, the removal statute is strictly construed and any doubts

or ambiguities are to be resolved in favor of remand.  *See* Whitt v. Sherman Int'l

Corp., 147 F.3d 1325, 1329 (11th Cir. 1998); *see also* Kuhn v. Brunswick Corp.,

871 F.Supp. 1444, 1446 (N.D. Ga. 1994).  The burden is on the removing party to

demonstrate that removal was proper.  *See* Jones v. Florida Dept. of Children &

Family Services, 202 F.Supp.2d 1352 (S.D. Fla. 2002).

**A. Defendants' Failure to Comply with the Rule 11 Signature Requirement of 28 U.S.C. § 1446(a) is a Procedural Defect That Necessitates Remand**

The district court should remand an action that is removed improperly. *See* Loftin v. Rush, 767 F.2d 800, 805 (11th Cir. 1985). The procedural defect noted in 28 U.S.C. § 1447(c) refers to the failure to follow statutory removal procedures, which typically would be a lack of compliance with the requirements set forth in either 28 U.S.C. § 1446(a) or 1446(b). *See* Snapper, Inc. v. Redan, 171 F.3d 1249 (11th Cir. 1999). "The view that technical flaws in a removal petition 'can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can-and should-be invoked.'" Beard at 1318 (citing Prod. Stamping Corp. v. Md. Cas. Co., 829 F.Supp. 1074, 1077-78 (E.D. Wis 1993).

The failure to comply with the Rule 11 signature requirement of 28 U.S.C. § 1446(a) is a defect in the removal procedure and any defect in the removal procedure is grounds for remand. *See* 28 U.S.C. § 1447(c); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-8 (1995); *see also* Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1044 and 1049 (11th Cir. 2001). Removal statutes are strictly construed and any doubts or ambiguities must be resolved in favor of remand. *See* Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

It is clear in the statute's plain language that the signature requirement is of the utmost importance. As such, remand is required here, as Defendants' Notice of Removal is not properly signed pursuant to Rule 11, which provides that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name…" Fed. R. Civ. P. 11(a).  The signature requirement imposes on an attorney a responsibility as the attorney's signature represents to the Court that to the best of the attorney's knowledge, information and belief and after a reasonable inquiry, that the pleading, written motion or other paper: (1) is not being presented for an improper purpose, (2) is warranted by existing law, and (3) is supported by the evidence or will be after a reasonable investigation.  Fed.R.Civ.P. 11(b).  Rule 11 grants the court power to enforce this signature requirement through the imposition of sanctions, and as such, protects the court from irresponsible filings by requiring personal certification under threat of sanctions.  *See* <u>Beard</u> at 1318; *see also* <u>Boyle v. City of Liberty</u>, 1993 WL 20177, at * 3 (W.D. Mo. 1993).

Here, it is undisputed that the signature on behalf of Defendants is only an electronic signature, not actually the handwritten signature of Defendants' counsel of record.  Since 28 U.S.C. § 1446(a) specifically requires that a notice of removal

be signed pursuant to Rule 11, such a failure to conform to said requirements constitutes a procedural defect in removal, which necessitates remand.

### B. An Electronic Signature on a Notice of Removal Is Impermissible

The Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia were created to supplement the Federal Rules of Civil Procedure and "shall be construed so as to be consistent with those Rules and to promote the just, efficient, and economical determination of every action and proceeding, except that the rules shall not apply to those proceedings where they may be inconsistent with rules or provisions of law specifically applicable thereto." LR 1.1(C), NDGa.   In accordance with that purpose and not in contravention thereof, then Chief Judge Orinda L. Evans signed the Standing Order In Re: Electronic Case Filing Standing Order No. 04-01 and Administrative Procedures ("Standing Order") on June 1, 2004, which became effective July 15, 2004, and was published together with Exhibits A and B as Appendix H to the Local Rules, Northern District of Georgia.  The Standing Order requires attorneys to file, sign, and verify documents only by electronic means to the extent and in the manner authorized by LR 5.1(A), the Standing Order and the Administrative Procedures attached thereto as Exhibit A, entitled Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil and

Criminal Cases in the United States District Court for the Northern District of Georgia.

When a document is filed electronically, electronic signatures signified by an "s/ (attorney name)" are permissible under the Local Rules and Standing Order for a variety of documents; however, they are not always permissible.   LR Appendix H-A II.C, NDGa. In fact, Administrative Procedure II.A.1, specifically requires initial pleadings to be filed conventionally in paper form.

> "II. Electronic Filing and Service of Documents
> > A. Filing.
> > > 1.  Complaints and Other Initial Filings.
> > > > a.  The initial pleading, civil cover sheet, payment of the filing fee and issuance and service of the summons must be filed conventionally in paper form, not electronically."

LR Appendix H-A II.A.1. NDGa.

It is undisputed that Defendants' Notice of Removal was the initial filing in this Court, and a filing that not only required a civil cover sheet, but also required a handwritten signature pursuant to Fed.R.Civ.P. 11(a) and the Local Rules. The fact that Defendants' counsel merely signed the Notice of Removal with "/s/Alison B. Prout" was impermissible, violative of Fed.R.Civ.P. 11(a) and the Local Rules, and constitutes a procedural defect of removal, which necessitates remand.

### C. An Amended Notice of Removal Cannot Cure Defendants' Procedural Defects

Furthermore, an improper removal cannot be corrected once the removal period has expired. Any correction must be completed within thirty (30) days of the date on which removal was required or else, it is too late. *See* Holloway v. Select Hotels Group, LLC, 2008 WL 4534135, n. 3 (M.D. Fla. 2008). A defendant simply cannot cure a procedural defect in its removal by an untimely correction. Because the 30 days to remove this matter passed on November 1, 2010 (because October 30, 2010, was a Saturday), and the defect was not timely cured, Defendants have no recourse and this matter must be remanded to state court.

### III. CONCLUSION

As a result of Defendants' deficiencies in their attempt to remove this matter to this Court, this case must be remanded to the Superior Court of Fulton County.

**[Signatures on following page]**

Respectfully submitted this 8th day of November, 2010.

By:    s/ Joshua A. Millican         
Joshua A. Millican
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficepc.com

Anthony J. Morgese
Georgia Bar No. 523430
MORGESE LAW FIRM
3233 S. Cherokee Lane
Building 1000
Woodstock, GA 30188
Telephone: (770) 517-6711
Facsimile: (770) 517-6715
lawpair@aol.com

**Counsel for Plaintiffs**

## CERTIFICATE OF COMPLIANCE AND
## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day, I electronically filed the foregoing, which complies with the type and format requirements of L.R. 5.1(B) and 7.1(D), Local Rules, N.D. Ga., with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

BONDURANT, MIXON & ELMORE, LLP
Frank M. Lowrey, IV., Esq.
Alison B. Prout, Esq.

Dated: November 8, 2010.

By:   s/ Joshua A. Millican
      Joshua A. Millican
      Georgia Bar No. 508998
      LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
      The Grant Building, Suite 607
      44 Broad Street, N.W.
      Atlanta, Georgia 30303
      Telephone: (404) 522-1152
      Facsimile: (404) 522-1133
      joshua.millican@lawofficepc.com

      **Counsel for Plaintiffs**