IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FAYELYNN SAMS, individually, and on behalf of class of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION |
| WINDSTREAM CORPORATION, WINDSTREAM COMMUNICATIONS, INC., WINDSTREAM GEORGIA, LLC, and WINDSTREAM GEORGIA COMMUNICATIONS, LLC, | ) ) ) ) ) ) | FILE NO. 1:10CV3525-TCB |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

## INTRODUCTION

Plaintiff Fayelynn Sams ("Plaintiff") has moved to remand this case to state court without challenging either this Court's federal question jurisdiction or the timeliness of Defendants' Notice of Removal. Instead, Plaintiff makes a hyper-technical, and erroneous, claim that the Notice of Removal violates an inapplicable local rule requiring initial pleadings (and not notices of removal) to be filed in paper rather than electronically. According to Plaintiff, this purported violation of the local rule translates to a violation of Rule 11's signature requirement, which

816562.1

translates to a violation of the removal requirements of 28 U.S.C. § 1446. Plaintiff's argument ignores that on June 30, 2010, the Court instructed all attorneys to electronically file case initiating documents in a generally announced policy change, and published instructions for filing notices of removal electronically in the Court's Electronic Filing of Case Initiating Documents Users Manual. In essence, Plaintiff argues that a document that is (1) electronically filed on the Court's ECF system, (2) contains an electronic signature, (3) filed pursuant to the Court's June 30, 2010 Notice to Counsel regarding efiling and (4) consistent with the Court's Users Manual for filing case initiating documents, is not properly signed under Rule 11. Plaintiff's argument fails in both form and substance.

As a matter of substance, there is no dispute that this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 since Plaintiff brings this case under the federal Stored Communications Act, 18 U.S.C. § 2701 et seq. and the federal Wiretap Act, 18 U.S.C. § 2510 et seq. There is also no dispute that Defendants timely filed their notice of removal in this Court, together with a copy of the initial pleading in the case, the Complaint. Plaintiff does not challenge whether or when the Notice of Removal was filed, only whether it was properly signed.

816562.1

As a matter of form, Plaintiff's argument crumbles at every step. Not only does the Notice of Removal conform to both the local rules and the Court's administrative procedures, but even if it violated a local rule, this would not translate to a violation of either Rule 11 or 28 U.S.C. § 1446. "A local rule [] cannot eviscerate a statutory right." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309-10 (11th Cir. 2001). Rather than wielding local rules to interfere with statutory rights, "the Eleventh Circuit treats noncompliance with local rules with a degree of leniency." *McGee v. Coca Cola Bottling Co. Consol.*, No. 4:08-CV-60, 2010 U.S. Dist. LEXIS 101239, at *23 (M.D. Ga. Sept. 27, 2010). In an attempt to play "gotcha" with the local rules, and with little regard for the broader implications of her extreme position, Plaintiff has raised a technical argument for remand that does not withstand basic scrutiny.

## PROCEDURAL BACKGROUND

The procedural background of this case is not in dispute. On September 28, 2010, Plaintiff filed a putative class action complaint in the Superior Court of Fulton County, Georgia. On September 30, 2010, Defendants were served with that initial pleading. Plaintiff does not dispute that on October 29, 2010, within the statutory thirty-day period, Defendants filed a Notice of Removal in this Court through the Court's Electronic Case Filing ("ECF") system. Plaintiff's Motion at

2.  Plaintiff also does not dispute that Defendants' Notice contains an electronic signature.  *Id.* at 5 ("it is undisputed that the signature on behalf of Defendants is only an electronic signature").  Plaintiff's entire remand motion is based on the erroneous claim that the electronic signature on that Notice constitutes an incurable, jurisdictional defect to the removal.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff argues that by violating an inapplicable Northern District of Georgia Local Rule requiring the initial pleading to be filed in paper, Defendants' electronic signature on its Notice of Removal does not comply with Rule 11's signature requirement, and therefore does not comply with the removal statute, 28 U.S.C. § 1446.  This legalistic three-step argument fails at step one because the electronically-filed Notice of Removal complies with the local rules.  It also fails at step two because even if there were noncompliance with a local rule, that cannot eviscerate the statutory right of removal.  Finally, it fails at step three because the Supreme Court has held that a failure to provide a signature does not "violate" Rule 11, it merely activates Rule 11's remedial provision which permits a party to provide a signature promptly upon notice of the signature's absence.

Plaintiff asks the Court to take legal leaps that not only are contradicted by the law, they also would cause the Court to lose jurisdiction over countless

currently pending e-filed cases whose electronic filing has been both enabled and

encouraged by the Court itself.  While Plaintiff is correct that courts "must strictly

construe the [] requirements of the removal statute, [courts] should not construe

those requirements so strictly that [they] belie common sense." *In re Managed

Care Litig.*, No. 00-1334-MD, 2009 WL 413512, at *5 (S.D. Fla. Feb. 19, 2009).

## I.    DEFENDANTS' NOTICE OF REMOVAL COMPLIES WITH THE LOCAL RULES.

### A.    The Court's Administrative Procedures Permit Notices of Removal to Be Filed Electronically.

The Northern District of Georgia's Local Rules (the "Local Rules") state

that documents may be filed and signed electronically consistent with the Local

Rules and the Court's administrative procedures.  L.R. App. H ¶ 1.  The Local

Rules also provide that the electronic filing of a paper on the Court's ECF system

by a registered attorney constitutes the signature of that attorney:

> ***The electronic filing of a petition, pleading, motion, or other paper by an attorney*** who is a registered participant in the Court's Electronic Case Filing System ***shall constitute the signature of that attorney under the Federal Rules of Civil Procedure*** and the Federal Rules of Criminal Procedure.

L.R. App. H, ¶ 7 (emphasis added).  In other words, if paper is filed electronically,

an electronic signature imposes the obligations of Federal Rules of Civil Procedure

upon the signer.

816562.1

5

Plaintiff ignores this signature rule entirely, instead relying on a statement in an exhibit to the 2004 Appendix to the Local Rules governing administrative procedures for electronic filing which states that the "initial pleading" must be filed in paper:

> The initial pleading, civil cover sheet, payment of the filing fee and issuances and service of the summons must be filed conventionally in paper form, not electronically.

L.R. App. H, Ex. A, II.A.1.a.  Plaintiff argues that while Defendants electronically filed, and therefore signed, their Notice of Removal, the Notice should have been filed in paper according to the Court's administrative procedures, and therefore, the electronic signature is somehow invalid.

The first flaw in Plaintiff's argument is that the Court's administrative procedures have been expressly updated to *allow* initial pleadings to be filed electronically.  In a June 30, 2010 Notice to Counsel, the Northern District of Georgia emailed all registered CM/ECF users, including the undersigned and presumably Plaintiff's counsel, the following U.S. District Court Announcement:

> New civil actions may be filed, and the fee paid, through the Court's CM/ECF electronic filing system.

11/16/10 Affidavit of Alison B. Prout ("Prout Aff.," filed herewith), Ex. A (6/30/2010 email to Prout).  The Court also posted the announcement on its website on July 1, 2010, and the announcement still appears on the Court's

website.  Prout Aff., Ex. B.  Finally, the Court posted an "Electronic Filing of Case Initiating Documents Users Manual," which walks attorneys through the Court's accepted process for filing a Notice of Removal (and other types of papers) electronically.  Prout Aff., Ex. C.  Defendants' electronically-filed Notice of Removal conforms to these instructions.  It also conforms to the instructions that Defendants' counsel received from the Clerk of the Court when verifying the Court's preferred method of receiving notices of removal.  11/16/10 Affidavit of Christopher T. Giovinazzo ("Giovinazzo Aff.," filed herewith) ¶ 7.  It would be truly bizarre to conclude that a party violated the Court's Local Rules by complying with the Court's own Notice to Counsel, Users Manual, and specific instructions.

### B.    A Notice of Removal Is Not a "Pleading."

Even if the old procedure requiring that "[t]he *initial pleading* . . . must be filed conventionally in paper form, not electronically," L.R. App. H, Ex. A, II.A.1.a, still applied, Plaintiff's remand argument fails because a notice of removal is not an "initial pleading."  Therefore, the old procedure never required that it be filed in paper.  On the contrary, the administrative procedures provide that "[a]ll . . . other documents in a case . . . shall be electronically filed on ECF

7

except as otherwise provided by these administrative procedures." *See* L.R.

App. H, Ex. A, II.A.2.

Federal Rule of Civil Procedure 7 identifies the ***only*** papers that are

pleadings:

> (a) Pleadings.  Only these pleadings are allowed:
> > (1) a complaint;
> > (2) an answer to a complaint;
> > (3) an answer to a counterclaim designated as a counterclaim;
> > (4) an answer to a crossclaim;
> > (5) a third-party complaint;
> > (6) an answer to a third-party complaint; and
> > (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).  "Rule 7 explicitly excludes everything else from its definition

of pleadings." *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995).  Indeed,

"Rule 7(a) precludes construing a statutorily required 'notice' as a Rule 38

pleading." *Id.* (citing *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195-

96 (4th Cir. 1964)).  Though it has some similarities, "***a notice of removal is not a***

***pleading as defined by Federal Rule of Civil Procedure 7(a).***" *Ellenburg v.*

*Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (emphasis added).

Because a notice of removal is not a pleading, the passage stating that "[t]he ***initial***

***pleading*** . . . must be filed conventionally in paper form," App. H, Ex. A, II.A.1.a,

never applied to the filing of a notice of removal, and certainly does not apply in

light of the Court's July 1, 2010 instruction to file such documents electronically.

816562.1

### C. The Notice of Removal Is Not the "*Initial* Pleading."

Even if the Notice of Removal were considered a pleading, it is not the "initial" pleading referenced in the portion of the administrative procedures relied on by Plaintiff. The "initial pleading" referenced in this passage is the complaint filed in state court. While Plaintiff interprets the passage to refer to an initial pleading *in the district court*, nothing justifies that additional language. Indeed, the removal statute itself makes clear that "initial pleading" refers to the claim for relief asserted in the state court, i.e., the complaint:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the *initial pleading* is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

28 U.S.C. § 1446(b) (emphasis added). It is clear that section 1446 contemplates the "initial pleading" to be a separate and distinct filing from the "notice of removal."

Since a notice of removal is not the initial pleading, the passage stating that "[t]he *initial pleading* . . . must be filed conventionally in paper form," App. H, Ex. A, II.A.1.a, does not apply.  Instead, the following section, II.A.2, applies. That section states that "[a]ll . . . other documents in a case . . . shall be electronically filed on ECF except as otherwise provided by these administrative procedures."  App. H, Ex. A, II.A.2.  Defendants properly filed their Notice of Removal on ECF, even under pre-June 30, 2010 procedures.

### D.   The Local Rules Recognize Electronic Signatures as Binding Under the Federal Rules of Civil Procedure Once a Document Is Electronically Filed.

The administrative procedure on which Plaintiff relies, even if violated, does not cause any defect in Defendants' electronic *signature*, which binds Defendants and their counsel under the Federal Rules of Civil Procedure.  The rule cited by Plaintiff concerns filing and not signatures.  App. H, Ex. A, II.A.1.a ("[t]he initial pleading . . . must be *filed* conventionally in paper form") (emphasis added). Plaintiff does not dispute that the Notice of Removal was timely filed and accepted for filing by this Court.  Plaintiff's Motion at 2 ("On October 29, 2010, Defendants filed a Notice of Removal to this Court.").  Nor does Plaintiff challenge the authenticity of Defendants' electronic signature.  *See* L.R. App. H, Ex. A, II.C (providing that challenges to the authenticity of an electronic signature must be

made within ten days of receiving the Notice of Electronic Filing).  Plaintiff argues

only that the electronic *filing* somehow invalidates the electronic *signature*.  But

the Court's administrative procedures contradict this.

The administrative procedure relevant to the effect of electronic *signatures*

does not limit its applicability to any subset of filings.  Once an electronic filing is

made, that act constitutes the signature of that attorney under the Federal Rules of

Civil Procedure:

> *The electronic filing of a petition, pleading, motion, or other paper*
> *by an attorney* who is a registered participant in the Court's
> Electronic Case Filing System *shall constitute the signature of that*
> *attorney* under the Federal Rules of Civil Procedure and the Federal
> Rules of Criminal Procedure.

L.R. App. H, ¶ 7 (emphasis added).  This interpretation of the Administrative

Procedures is confirmed by the Notice of Electronic Filing from the Court that

Defendants received upon filing their Notice of Removal, confirming that the

Notice of Removal was "filed on 10/29/2010."  *See* Prout Aff., Ex. D.  According

to the Administrative Procedures, "Whenever a pleading or other paper is filed

electronically *in accordance with these procedures*, ECF shall generate a 'Notice

of Electronic Filing' to the filing party."  L.R. App. H, Ex. A, II.B.1 (emphasis

added).  In other words, Defendants' receipt of the Court's Notice of Electronic

Filing confirms that the Notice of Removal was filed "in accordance with these

procedures." This interpretation also makes plain sense. It would make no sense for the Court to allow parties to file documents electronically, yet to hold parties accountable under Rule 11 for only a subset of those filings.

## II.   THE COURT'S ADMINISTRATIVE PROCEDURE CANNOT EVISCERATE THE STATUTORY RIGHT TO REMOVAL.

### A.   A Local Rule Cannot Eviscerate a Statutory Right.

Even assuming that Defendants' Notice of Removal violates the administrative procedures of the Local Rules, this cannot provide a basis to deny Defendants the statutory right to timely remove a case that is clearly subject to this Court's federal question jurisdiction. The Federal Rules of Civil Procedure, which authorize the promulgation of local rules, also proscribe using them to cause a party to lose any right because of a nonwillful failure to comply:

> A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.

Federal Rule of Civil Procedure 83(a)(2). It is well recognized that "[a] local rule cannot eviscerate a statutory right or conflict with the federal rules." *United States v. $ 5,173.00 in United States Currency*, No. 1:07-CV-2539, 2008 U.S. Dist. LEXIS 82238, at *5 (M.D. Ga. Sept. 16, 2008) (citing *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1310-11 (11th Cir. 2001)). Yet that is exactly what Plaintiff

asks the Court to do by moving to remand this case based on the supposed noncompliance with a local rule.

Given the Court's own Notice to Counsel and Users Manual, there can be no question that any alleged failure to comply with a local rule was nonwillful. The only reason Defendants filed their Notice of Removal electronically was to comply with the Court's instructions in its Notice to Counsel, Users Manual and from the Clerk's office. *See* Giovinazzo Aff. ¶¶ 1-7. Indeed, Defendants manually filed their Answer the same day that they electronically filed the Notice of Removal because a case number had not yet been assigned.

### B.   The Court Has the Power to Deviate from the Local Rules.

Even if Defendants' Notice of Removal did not conform to the local rules, the Court has the power to deviate from those rules where strict compliance is unreasonable. "[T]he Eleventh Circuit treats noncompliance with local rules with a degree of leniency." *McGee v. Coca Cola Bottling Co. Consol.*, No. 4:08-CV-60, 2010 U.S. Dist. LEXIS 101239, at *23 (M.D. Ga. Sept. 27, 2010). "[E]ven though local rules are valid and binding on the parties, their enforcement must be tempered with due consideration of the circumstances." *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986). For example, in *Askew v. Patel*, No. 4:05-CV-118, 2006 U.S. Dist. LEXIS 5201 (M.D. Ga. Jan. 30, 2006), a local

bankruptcy rule required that a document be filed both electronically and in paper.

While the electronic version was filed in time, the paper document was filed late.

The court held that requiring strict compliance to the local rule in that instance

made no sense, since "the application of a local rule regarding the form of a

complaint has the effect of denying Appellant access to the courts, even though the

complaint was timely received by the clerk, albeit in the wrong format." *Id*. at *11.

The Court determined that Federal Rule of Civil Procedure 83(a)(2)'s instruction

that "[a] local rule imposing a requirement of form shall not be enforced in a

manner that causes a party to lose rights because of a nonwillful failure to comply

with the requirement" prevented a strict application of the local rule. *Id*. at *10.

Not only does the Court accept the filing of notices of removal on ECF, it

*encourages* them.  When Defendants contacted the Clerk of the Court to inquire

into the Court's preferred method of receiving notices of removal, the Clerk

confirmed that they should be filed electronically.  Giovinazzo Aff. ¶ 7.  That

direction was consistent with the Users Manual issued by the Court.  It would be

strange and unfair if the Court enabled and endorsed a filing procedure that

deprived it of jurisdiction.  Equally important, if the Court holds that it lacks

jurisdiction over electronically filing notices of removal (and complaints), it would

instantly lose its jurisdiction over every removed action and original complaint

currently pending that was filed electronically. Such a drastic outcome is not supported by the law or common sense.

## III.   DEFENDANTS' NOTICE OF REMOVAL COMPLIES WITH RULE 11.

The third fallacy in Plaintiff's argument is that by supposedly violating the local rule requiring paper filing, Defendants' Notice of Removal violates Rule 11 in a "jurisdictional" manner that cannot be cured after the thirty-day removal deadline. The Supreme Court disagrees.

In *Becker v. Montgomery*, 532 U.S. 757 (2001), the Supreme Court considered, and rejected, a remarkably similar argument concerning a notice of appeal, which, like a notice of removal, must be timely filed to confer jurisdiction. There, an appellant filed a timely notice of appeal in which he typed, but did not sign his name. *Id.* at 759. The Court of Appeals, noting that "the governing Federal Rules call for a signature on notices of appeal," dismissed the appeal, and held that the defect was "jurisdictional" and therefore not curable outside the time allowed to file the notice. *Id.* at 759, 763. The Supreme Court reversed, holding that the Court of Appeals had misapplied Rule 11.

To begin, the Supreme Court noted that the full text of Rule 11 provides that the lack of a signature may be cured by promptly providing a signature after the omission is brought to the party's attention:

816562.1

15

> As plainly as Civil Rule 11(a) requires a signature on filed papers,
> however, so the rule goes on to provide in its final sentence that
> 'omission of the signature' may be 'corrected promptly after being
> called to the attention of the attorney or party.'

*Id.* at 764.  Thus, the Supreme Court concluded that a timely filed notice of appeal

was not defective for lack of signature, provided that the signature is promptly

corrected, even if after the notice deadline:

> So understood, the signature requirement and the cure for an initial
> failure to meet the requirement go hand in hand.  The remedy for a
> signature omission, in other words, is part and parcel of the
> requirement itself. Becker proffered a correction of the defect in his
> notice in the manner Rule 11(a) permits . . . and therefore should not
> have suffered dismissal of his appeal for nonobservance of that rule.

*Id.* at 765.  In other words, Rule 11 permits a party to sign a filing promptly after it

is filed.  Therefore, even though Defendants' original Notice of Removal was fully

compliant, to be consistent with *Becker*, Defendants manually file herewith a

supplemental signature page for the Notice of Removal containing counsel's

handwritten signature.

There is no reason to treat Defendants' Notice of Removal any different than

*Becker's* Notice of Appeal, since the issue in both cases is whether any alleged

failure to comply with Rule 11 for lack of signature constitutes a noncurable

jurisdictional defect.  Indeed, the Supreme Court expressly granted certiorari in

*Becker* not to address issues specific to notices of appeal, but "to assure the

816562.1

uniform interpretation of the governing Federal Rules." *Id.* at 762.  Just like in *Becker*, Defendants promptly filed a written signature for their Notice of Removal after receiving Plaintiff's motion.  And just like in *Becker*, this Court should accept Defendants' notice as timely and properly filed.  Indeed, this case is even more clear cut because while the defendant in *Becker* provided no signature on his original notice, it is undisputed that counsel for Defendants here electronically signed their Notice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find that it has subject matter jurisdiction over the present action and deny Plaintiff's Motion to Remand.

This 17th day of November, 2010.

Respectfully submitted,

*/s/ Alison B. Prout*
Frank M. Lowrey
Georgia Bar No. 410310
lowrey@bmelaw.com
Alison B. Prout
Georgia Bar No. 141666
prout@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**   **Attorneys for Defendants**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111

816562.1

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that this document complies with the font and point selections set forth in Local Rule 5.1(C).  This document was prepared in Times New Roman 14 point font.

Respectfully submitted, this 17th day of November, 2010.

*/s/ Alison B. Prout*
Alison B. Prout
Georgia Bar No. 141666
Email: *prout@bmelaw.com*

816562.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a true and correct copy of the within and foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

> Joshua A. Millican, Esq.
> Law Office of Joshua A. Millican, P.C.
> The Grant Building, Suite 706
> 44 Broad Street, N.W.
> Atlanta, Georgia  30303
>
> Anthony J. Morgese, Esq.
> Morgese Law Firm
> 3233 S. Cherokee Land
> Building 1000
> Woodstock, Georgia  30188

This 17th day of November, 2010.

> /s/ Alison B. Prout
> Alison B. Prout
> Georgia Bar No. 141666

816562.1