# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> WINDSTREAM CORPORATION, WINDSTREAM COMMUNICATIONS, INC., WINDSTREAM GEORGIA, LLC, and WINDSTREAM GEORGIA COMMUNICATIONS, LLC, <br><br> Defendants, | Civil Action No.: 1:10-cv-3525-TCB |

## PLAINTIFF'S RESPONSE TO INITIAL DISCLOSURES

COMES NOW Plaintiff Fayelynn Sams ("Ms. Sams" or "Plaintiff"), Plaintiff in the above-styled action, and in accordance with Local Rule 26 of this Court and Fed. R. Civ. P. Rule 26(a)(1), provides this Plaintiff's Response to Initial Disclosures[1] as follows:

---

[1] On October 29, 2010, Defendants filed a Notice of Removal to this Court. (Doc. No. 1). This removal was improper, as it did not comply with the Rule 11 Signature Requirement of 28 U.S.C. § 1446(a). Plaintiff's objection to the Notice of Removal is the subject of a pending Motion to Remand filed on November 8, 2010. (Doc. No. 6), although not yet fully briefed.

**(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**Response:**

Plaintiff, on behalf of herself individually and a class of all others similarly situated, filed suit against Defendants for violations of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA"), the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* ,breach of contract and breach of duty of good faith and fair dealing based upon Defendants' disclosure of private subscriber information and data to law enforcement and other government entities without the subscribers' knowledge or authorization and without valid and enforceable legal process. The impermissibly disclosed personal and private data and information included, but not limited to, some or all of the following: name, address, phone number, birth date, gender, social security number, date account created, account status, Windstream email address, alternate email address, the content of email communications, contact lists, photos, files, website posts, registration from Internet Protocol (IP), date IP registered, login IP addresses and other IP address information. Defendants' unlawful disclosure of personal and private data and information violates the

putative class members' rights under federal and state statutes as well as common law.

Plaintiff seeks certification of this action as a class action under Rule 23 with respect to the Plaintiff's claims for damages and other relief, and declaring Plaintiff as representative of the Class and her counsel as counsel for the Class. Plaintiff further seeks on behalf of herself individually and a class of all others similarly situated, monetary damages, punitive damages, equitable relief, attorneys' fees, expenses of litigation and appropriate interest as provided by law.

The legal issues to be decided are:

(1) whether this action should be certified as a class action under Rule 23 with respect to the Plaintiff's claims for damages and other relief;

(2) whether Defendants violated the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* and, if so, to what relief is Plaintiff is and the putative Class entitled;

(3) whether Defendants violated the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* and, if so, to what relief is Plaintiff is and the putative Class entitled;

(4) whether Defendants breached any agreement with Plaintiff and the putative class regarding privacy and, if so, to what relief is Plaintiff is and the putative Class entitled;

(5) whether Defendants breached any implied duty of good faith and fair

dealing with Plaintiff and the putative class regarding privacy and, if so, to what relief is Plaintiff is and the putative Class entitled;

(6) whether Plaintiff and the putative class have sustained damages and, if so, the proper measure of such damages;

(7) whether Defendants are liable to Plaintiff and the putative class for monetary damages and, if so, how much;

(8) whether Defendants are liable to Plaintiff and the putative class for punitive damages and, if so, how much;

(9) whether Defendants are liable to Plaintiff and the putative class for attorneys' fees and expenses of litigation and, if so, how much; and

(10) whether Plaintiff and the putative class are entitled to injunctive relief;

(11) whether Defendants have immunity from this lawsuit pursuant to 18 U.S.C. § 2703(e), 18 U.S.C. § 2707(e), 18 U.S.C. § 2520(d), or any other applicable law;

(12) whether Plaintiff has any contractual agreement with any Defendant;

Plaintiff will supplement this response at such time as such information is identified.

**(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

<u>Response</u>:

The Electronic Communications Privacy Act of 1986; Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, Wiretap Act, 18 U.S.C. § 2510 *et seq.*; the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings (1936); the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings in the specific form as to the adopting state as adopted by each of the fifty (50) states, Puerto Rico, Virgin Islands and District of Columbia; all Supreme Court, Circuit and District Court cases and Georgia cases involving The Electronic Communications Privacy Act of 1986; Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, Wiretap Act, 18 U.S.C. § 2510 *et seq.*; breach of contract, breach of implied duty of good faith and fair dealing, monetary damages, punitive damages and attorneys' fees; all rules and statutes identified in Defendant's Responses to Initial Disclosures or supplements thereto; the Federal Rules of Civil Procedure; and Local Rules of the United States District Court for the Northern District of Georgia.

Plaintiff will supplement this response at such time as such information is identified.

(3)     **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosure as Attachment A.)**

**Response**:   Please see Attachment A for response to Disclosure A.

(4)     **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**Response**:   Please see Attachment B for response to Disclosure B.

(5)      **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

<u>Response</u>:   Please see Attachment C for response to Disclosure C.  Copies of relevant documents, not privileged or protected from disclosure, responsive to Disclosure C, will be produced or made available to counsel for Defendant.

**(6)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available and copying as under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

<u>Response</u>:  Please see Attachment D for response to Disclosure D.

**(7)     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>Response</u>:  Plaintiff is unaware of any such policy at this time.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Response: None.

Dated: November 28, 2010

        Respectfully submitted,

        s/ Joshua A. Millican
        Joshua A. Millican, Esq.
        Georgia Bar No. 508998
        LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
        The Grant Building, Suite 607
        44 Broad Street, N.W.
        Atlanta, Georgia 30303
        Telephone: (404) 522-1152
        Facsimile: (404) 522-1133
        joshua.millican@lawofficepc.com

        Matthew C. Billips
        Georgia Bar No. 057110
        BILLIPS & BENJAMIN LLP
        One Tower Creek
        3101 Towercreek Parkway, Suite 190
        Atlanta, Georgia 30339
        Telephone: (770) 859-0751
        Facsimile: (770) 859-0752
        billips@bandblawyers.com

        Lisa T. Millican
        Georgia Bar No. 309046
        GREENFIELD MILLICAN P.C.
        607 The Grant Building
        44 Broad Street, N.W.
        Atlanta, Georgia 30303
        (404) 522-1122 (telephone)
        (404) 522-1133 (facsimile)
        lisa.millican@lawofficepc.com

        Anthony J. Morgese, Esq.
        Georgia Bar No. 523430
        MORGESE LAW FIRM
        3233 S. Cherokee Lane, Building 1000
        Woodstock, GA 30188
        Telephone: (770) 517-6711
        Facsimile: (770) 517-6715
        lawpair@aol.com

        **Counsel for Plaintiff**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this day, I electronically filed the within and foregoing PLAINTIFF'S RESPONSE TO INITIAL DISCLOSURES with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

> BONDURANT, MIXON & ELMORE, LLP
> Frank M. Lowrey, IV., Esq.
> Alison B. Prout, Esq.

Dated: November 28, 2010.

> By:  s/ Joshua A. Millican
> Joshua A. Millican
> Georgia Bar No. 508998
> LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
> The Grant Building, Suite 607
> 44 Broad Street, N.W.
> Atlanta, Georgia 30303
> Telephone: (404) 522-1152
> Facsimile: (404) 522-1133
> joshua.millican@lawofficepc.com
>
> **Counsel for Plaintiffs**

## Attachment A

## Plaintiff's Potential Witness List

(1) All witnesses listed in Defendant's Responses to Initial Disclosures or supplements thereto or in any discovery response in this action, to the extent Plaintiff does not object to their testimony.

(2) Fayelynn Sams
c/o Law Office of Joshua A. Millican, P.C.
Attn: Joshua A. Millican, Esq.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1152

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(3) Harold Sams
c/o Law Office of Joshua A. Millican, P.C.
Attn: Joshua A. Millican, Esq.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1152

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(4)   Windstream Communications, Inc.
      Corporate Designee(s)

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(5)   Windstream Georgia, LLC
      Corporate Designee(s)

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(6)   Windstream Georgia Communications, LLC
      Corporate Designee(s)

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(7) All Current and Former subscribers or customers of Defendants

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(8) Current and Former employees of Defendants who are or were involved in subpoena compliance, warrant compliance, court order compliance and/or compliance with any other legal process.

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(9) Investigators, employees and/or attorneys in the District Attorney's Office for the Southern Judicial Circuit for the State of Georgia.

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(10)  In House and outside counsel of Defendants.

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

(11) Investigators, employees and/or attorneys in any state or local law enforcement office, clerk's office, district attorney's office or equivalent state or local prosecuting agency.

Knowledge of facts demonstrating violations of the SCA and federal Wiretap Act, facts supporting claims for breach of contract and breach of implied duty of good faith and fair dealing, facts supporting class certification and facts supporting claims for monetary damages, punitive damages, attorneys' fees and expenses of litigation.

5

Plaintiff will supplement this response at such time as such information is identified or will provide information received hereafter in Plaintiff's responses to Defendants' discovery requests.

## Attachment B

## Plaintiff's Expert Witness List and Written Reports

At this time, Plaintiff has not yet determined which expert witnesses, if any, may be called to testify at trial.

Plaintiff will supplement this response at such time as such information is identified or will provide information received hereafter in Plaintiff's responses to Defendant's discovery requests.

## Attachment C

## Plaintiff's Document List and Descriptions

(1) All documents listed in Defendants' Responses to Initial Disclosures or supplements thereto or in any discovery response in this action, to the extent Plaintiff does not object to their testimony.

(2) Lists of Defendants' customers and/or subscribers.

(3) Any and all policies of Defendants' regarding compliance with subpoenas, warrants, court orders or other legal process.

(4) Any and all subpoenas, warrants, court orders or other legal process in response to which Defendants' disclosed personal and private subscriber data and information.

(5) Any and all agreements of any kind between Defendants and their subscribers and customers.

(6) Lists of employees of Defendants responsible for subpoena compliance, warrant compliance, court order compliance or other legal process compliance.

(7) Any and all correspondence between Defendants and law enforcement, prosecuting agencies or other government entities regarding Defendants' disclosure of private subscriber data and information.

Upon information and believe, most, if not all, documents relevant hereto are in the exclusive control of Defendants. Plaintiff will supplement this response at such time as such information is identified or will provide information received hereafter in Plaintiff's responses to Defendants' discovery requests.

**Attachment D**

**Plaintiff's Damage Computations**

Plaintiff, on behalf of herself and the class, claims at least the following categories of damages: monetary damages in an amount of not less than $1,000.00 per class member as provided by 18 U.S.C. § 2707(c) and not less than $10,000.00 per class member as provided by 18 U.S.C. § 2520(c)(2), punitive damages, reasonable attorneys' fees and expenses of litigation.

Any computation or estimate of any category of Plaintiff's damages is premature at this preliminary stage of the action since all documents relevant to such calculation are in the exclusive control of Defendants.

Plaintiff will supplement this response at such time as such information is identified or will provide information received hereafter in Plaintiff's responses to Defendant's discovery requests.