IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FAYELYNN SAMS, individually, and on behalf of class of all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CIVIL ACTION |
| **WINDSTREAM CORPORATION, WINDSTREAM COMMUNICATIONS, INC., WINDSTREAM GEORGIA, LLC, and WINDSTREAM GEORGIA COMMUNICATIONS, LLC,** ) ) ) ) ) ) ) | FILE NO. 1:10-CV-3525-TCB |
| **Defendants.** ) | |

### DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None at this time.

814638

**(3)    Provide a detailed factual basis for the defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

On December 4, 2008, Windstream Communications, Inc. ("Windstream Communications") received a subpoena from the Lowndes County, Georgia Grand Jury requesting billing information, subscriber information and the location of certain I.P. addresses.  The subpoena was signed by both the judge and clerk of the Lowndes County Superior Court.  The cover page of the subpoena stated, "*This is a child pornography case, so Please Rush."  On December 8, 2008, Windstream verified that the subpoena was valid.  Later on December 8, Windstream Communications responded to the subpoena by providing the User ID, Username, Name, Address and Phone Number of the subscriber associated with the I.P. addresses at the times provided.   Windstream Communications also provided the Email Addresses, Account Type, and Account Status associated with that subscriber's account.  The name of the subscriber identified in Windstream Communications's response to the subpoena is Harold Sams.

Defendants have not violated the Stored Communications Act of ("SCA") or the Wiretap Act because Windstream Communications provided information in accordance with the terms of a subpoena under the Act, 18 U.S.C. § 2703(e), and acted in good faith reliance on the subpoena.  18 U.S.C. §§ 2707(e), 2520(d).

Plaintiff lacks standing to assert claims against Defendants because none of Plaintiff's personal information was disclosed and because Plaintiff is not a Windstream subscriber, and therefore, Plaintiff is not a party to any terms or conditions with Windstream. Plaintiff also lacks standing to oppose any method of service of subpoenas that Defendants have opted to accept.

Windstream Corporation is not subject to the personal jurisdiction of this Court because Windstream Corporation is a Delaware corporation with its principal place of business in Arkansas, and does not conduct business in the state of Georgia. In addition, Windstream Corporation has no registered agent in Georgia and was never properly served in this action.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

At this time Defendants believe that the following statutes, codes, regulations, legal principles and customs or usages and illustrative case law apply: The principles of personal jurisdiction, personal service requirements, standing, constitutional limits on claims for punitive damages, and the immunity and good faith defense provisions of the SCA and Wiretap Act.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment,**

**identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule. (Attach expert witness list and written reports to Initial Disclosures at Attachment B.)**

See Attachment B.

**(7)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures at Attachment C.)**

See Attachment C.

**(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures at Attachment D.)**

See Attachment D.

**(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the**

**full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

At this time, Defendants are unaware of any other persons or legal entities who are liable to the plaintiff or defendants in this matter.

**(10)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

At this time, Defendants are unaware of any insurance agreements under which an insurance business may be liable to satisfy part or all of a judgment in this case.

Respectfully submitted, this 29th day of November, 2010.

*/s/ Alison B. Prout*
Frank M. Lowrey
Georgia Bar No. 410310
lowrey@bmelaw.com
Alison B. Prout
Georgia Bar No. 141666
prout@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**   **Attorneys for Defendants**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

>Joshua A. Millican, Esq.
>Law Office of Joshua A. Millican, P.C.
>The Grant Building, Suite 607
>44 Broad Street, N.W.
>Atlanta, Georgia  30303
>
>Matthew C. Billips, Esq.
>Billips & Benjamin LLP
>One Tower Creek
>3101 Towercreek Parkway, Suite 190
>Atlanta, Georgia  30339
>
>Lisa T. Millican, Esq.
>Greenfield Millican P.C.
>607 The Grant Building
>44 Broad Street, N.W.
>Atlanta, Georgia  30303
>
>Anthony J. Morgese, Esq.
>Morgese Law Firm
>3233 S. Cherokee Land
>Building 1000
>Woodstock, Georgia  30188

This 29th day of November, 2010.

                                         */s/ Alison B. Prout*
                                         Alison B. Prout
                                         Georgia Bar No. 141666

## **ATTACHMENT A**

| Name<br>Title | Contact Information | Subjects of Information |
|---|---|---|
| Tracy Chapman<br>Assistant District Attorney | District Attorney's Office for the Southern Judicial Circuit, State of Georgia<br>P.O. Box 99<br>Valdosta, GA 31603 | Subpoena served on Windstream Communication on December 4, 2008 |
| Tammy Herring<br>Supervisor of Financial Services Loss Prevention | May be contacted through Defendants' counsel | Windstream's subpoena compliance |
| Wendy Lain<br>Investigator | District Attorney's Office for the Southern Judicial Circuit, State of Georgia<br>P.O. Box 99<br>Valdosta, GA 31603 | Subpoena served on Windstream Communication on December 4, 2008 |
| Lethlyn Pumphrey-Harp<br>Internet Security and Abuse Analyst | May be contacted through Defendants' counsel | Windstream's subpoena compliance |
| Fayelynn Sams | | |
| Harold Sams | | |

## **ATTACHMENT B**

Defendants have not yet identified any expert witnesses.  Defendant will supplement as appropriate pursuant to Fed. R. Civ. P. 26 and the Local Rules of the Northern District of Georgia.

## **ATTACHMENT C**

At this time, Defendants believe that the following categories of documents and things in their possession, custody or control may be used to support their counterclaims and defenses:

- Subpoena and subpoena response that are the subject of the Complaint
- Documents relied on by Plaintiff

## **ATTACHMENT D**

Defendants reserve the right to seek the recovery of their attorneys' fees and costs in connection with this litigation in accordance with applicable statutes or the common law.