**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FAYELYNN SAMS and HAROLD SAMS, Individually, and on behalf of a class of all others similarly situated, </br></br> Plaintiffs, </br></br> vs. </br></br> WINDSTREAM COMMUNICATIONS, INC., WINDSTREAM GEORGIA, LLC, and WINDSTREAM GEORGIA COMMUNICATIONS, LLC, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No.: 1:10-cv-3525-TCB ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' REQUEST FOR HEARING AND MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE SURREPLY AND BRIEF IN SUPPORT THEREOF**

COME NOW, Plaintiffs Fayelynn Sams and Harold Sams, ("Plaintiffs"), individually, and on behalf of a class of all others similarly situated, by and through the undersigned counsel, and file this Plaintiffs' Request for Hearing and Motion to Strike, or Alternatively, Motion for Leave to File Surreply and Brief in Support Thereof.

Plaintiffs request that this Court order a hearing on Defendants' Motion for Judgment on the Pleadings (Doc. 33) (the "Motion") and response in opposition

1

thereto, pursuant to Local Rule 7.1(E). Plaintiffs respectfully submit that this Court would substantially benefit from an oral hearing and oral argument on the Motion, which involves numerous legal issues of varying complexity. A hearing would allow the parties to address the Court's questions about the interaction of these legal issues in an efficient manner.

Additionally, Defendants Reply in support of its Motion for Judgment on the Pleadings (Doc. 49) raises new factual and legal arguments, never previously raised. As a result, Plaintiffs have not been afforded an opportunity to address those new legal arguments or new factual assertions. In such circumstances, the Court can either disregard the new evidence or allow Plaintiff the opportunity to respond. *See, e.g.*, *International Telecomms. Exchange Corp. v. MCI Telecomms. Corp.*, 892 F. Supp. 1520, 1531 (N.D. Ga. 1995); *United States v. Georgia DNR*, 897 F. Supp. 1464, 1471 (N.D. Ga. 1995); *Herman v. NationsBank Trust Co.*, 126 F.3d 1354, 1364 (11th Cir. 1997); *United States v. Kimmons*, 1 F.3d 1144, 1145 (11th Cir. 1993).

Defendant should not be permitted to raise arguments or submit new evidence for the first time in its Reply. *See Bauknight v. Monroe County*, 446 F.3d 1327, 1330 n. 2 (11th Cir. 2006) (citing *Hall v. Coram Healthcare Corp.,* 157 F.3d 1286, 1290 (11th Cir.1998)); *Casey v. Clayton County, Ga.*, No. 1:04-CV-871-

2

RWS, 2006 U.S. Dist. LEXIS 19424, at *47-48 (N.D. Ga. March 30, 2006).  As such, where a party submits new evidence for the first time with a Reply brief, the Court should not consider the evidence, or alternatively, permit a surreply prior to considering such evidence.  *See, e.g.*, *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (finding that the district court "abused its discretion to the extent it relied on new evidentiary materials presented for the first time in" a summary judgment reply brief).

In that regard, if this Court decides not to strike and exclude the new arguments, which it should, this Court additionally has discretion to permit supplemental filings in appropriate circumstances.  *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp. 2d 1293, 1327 (N.D. Ga. 2008).  Appropriate circumstances warranting supplemental briefs include, for example, the introduction of new evidence after the party's response to a motion, or the presentation of new arguments by the movant in its reply brief.  *Id.* ("Leave to file a surreply may be granted when a party raises new issues in a reply"); *Webb v. Astrue*, 525 F. Supp. 2d 1329, 1334 (N.D. Ga. 2007) (granting leave to file supplemental brief because the plaintiff attached a new document to her reply brief that was not previously presented to the Court in support of a new argument not raised in her initial brief).  Circumstances necessitating a supplemental filing exist

here. The proposed surreply would address new legal arguments and changes to Defendant's factual assertions and other factual matters raised for the first time in Defendants' Reply in Support of Motion for Judgment on the Pleadings (Doc. 49).

In pertinent part, Defendants' new factual assertions and legal arguments include, without limitation: (1) Defendants' misrepresentation of the facts and legal findings of the Court in the Yahoo! case, where the California Court specifically found that the Uniform Act would not apply <u>because</u> Yahoo! had an office in Atlanta (there are no facts or evidence of anything similar in the instant matter); (2) Defendants' misrepresentation of the facts and legal findings of the Court in the MySpace! case, which, unlike the subpoena in the instant matter, involved a search warrant issued by a state magistrate court; (3) reliance on facts and "evidence" outside the pleadings such as factual assertions that "Windstream has witnesses available to testify in Georgia" as well as relying upon quotations from Plaintiffs' counsel, which were taken out of context, as facts and evidence (*See* Doc. 49, at 1 n.1, at 3, n.2 and at 11, n.10); (4) arguments that the Complaint makes no reference to the Uniform Act (*See* Doc. 49, p. 13);[1] (5) arguments completely misinterpreting

---

[1] Defendants failed to file a Motion to Dismiss. Had Defendants followed the proper procedural rules, Plaintiffs may have filed an Amended Complaint, which would have permitted them an opportunity to address Defendant's incorrect assertion that Plaintiffs did not argue Windstream's compliance with the grand jury subpoena was not in accordance with Georgia's Uniform Act (Plaintiff doesn't actually argue that and this is further evidence of Defendants' misunderstanding of

the Uniform Act's purpose and applicability; and (6) ignoring the laws of numerous states whose have holdings concerning the Uniform Act that conclude that subpoena power over out-of-state *witnesses* cannot be expanded for the sake of convenience (because a registered agent happens to be present), in circumvention of the procedural protections afforded by those witnesses by the Uniform Act[2]. These (and other) issues would benefit from oral argument.

WHEREFORE, Plaintiffs respectfully request that this Court set down a hearing on the Motion, strike these improperly submitted factual and legal arguments, or alternatively, permit a surreply in order that Plaintiffs be afforded a complete opportunity to address the issues raised by Defendants before this Court.

**[signature on following page]**

---

the relevance of the Uniform Act in this matter). Nevertheless, although not specifically using the words "Uniform Act," Plaintiffs' Complaint put Defendants on ample notice of its claims and reliance on the Uniform Act. *See eg*. Compl., ¶ 22, ("Neither state grand jury nor trial subpoenas have any force and effect outside the territorial jurisdiction of the state of issuance and when faxed or sent out of the issuing state, those subpoenas are facially invalid and unenforceable," which essentially summarizes the portions of the Uniform Act relevant in this matter.) Defendants' contention that Plaintiffs failed to place them on notice of their allegations that Defendants violated the Uniform Act is unavailing.

[2] *See eg*. Plaintiffs' Response to Brief of Amicus, Doc. 46, pp. 5-9.

Respectfully submitted this 17th day of June, 2011.

>Respectfully submitted,
>
>s/ Joshua A. Millican
>Joshua A. Millican, Esq.
>Georgia Bar No. 508998
>LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
>The Grant Building, Suite 607
>44 Broad Street, N.W.
>Atlanta, Georgia 30303
>Telephone: (404) 522-1152
>Facsimile: (404) 522-1133
>joshua.millican@lawofficepc.com
>
>**Counsel for Plaintiffs**

## CERTIFICATE OF COMPLIANCE AND
## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day, I electronically filed the foregoing, **PLAINTIFFS' REQUEST FOR HEARING AND MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE SURREPLY AND BRIEF IN SUPPORT THEREOF**, which complies with the type and format requirements of L.R. 5.1(B) and 7.1(D), Local Rules, N.D. Ga., with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

BONDURANT, MIXON & ELMORE, LLP
Frank M. Lowrey, IV., Esq.
Alison B. Prout, Esq.

This the 17th day of June, 2011.

By: s/ Joshua A. Millican
Joshua A. Millican
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficepc.com