**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **FAYELYNN SAMS and HAROLD SAMS, individually, and on behalf of class of all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION** |
| **WINDSTREAM COMMUNICATIONS, INC., WINDSTREAM GEORGIA, LLC, and WINDSTREAM GEORGIA COMMUNICATIONS, LLC,** | ) | **FILE NO. 1:10CV3525-TCB** |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR HEARING AND MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE SURREPLY**

In every motion, the parties must eventually stop volleying briefs and let the Court rule. For the Motion for Judgment on the Pleadings currently before the Court, that time has passed. Plaintiffs have already received page extensions for their Response Brief, and the parties and amicus have submitted over one hundred pages of briefing on the pending motion. While Plaintiffs would like to have the last word on the pending motion—as every responding party would—Defendants

raise no new arguments and submit no "new evidence" in their Reply Brief that warrants a surreply.

What Plaintiffs call new "legal arguments" are simply citations of authority decided after Defendants filed their motion that directly support the arguments already raised therein. *See Sams v. Yahoo!, Inc.*, 2011 U.S. Dist. LEXIS 53202 (N.D. Cal. May 16, 2011); *Hubbard v. MySpace, Inc.*, 2011 U.S. Dist. LEXIS 58249 (S.D.N.Y. June 1, 2011). There is nothing improper about this. Indeed, the *Yahoo*! and *MySpace* cases are so closely related to the present case that either party would be guilty of a lack of candor to omit the recent decisions from their filings before this Court.

Plaintiffs' contention that Defendants make "new factual assertions" is equally disingenuous. Defendants' assertion that Windstream has witnesses available to testify in Georgia is properly based on ***Plaintiffs' complaint***, which alleges that each defendant "does business and operates in the State of Georgia." Complaint (Dkt. 1-1) ¶¶ 8, 10, 12. Even if this allegation is not direct support for Defendants' statement (which it is), at a minimum, Plaintiffs' complaint permits the reasonable inference that by doing business and operating in Georgia,

Windstream must have witnesses in the state. The Eleventh Circuit has instructed courts to accept all reasonable inferences from complaints in evaluating motions on the pleadings. *Rehberg v. Paulk*, 611 F.3d 828, 835 (11th Cir. 2010) ("In reviewing a Rule 12(b)(6) motion to dismiss, we accept as true the factual allegations in the complaint ***and all reasonable inferences therefrom***.) (emphasis added)). Plaintiffs' claim that the fact that Defendants have witnesses in Georgia is a "new fact" does not warrant an entirely new round of briefing on issues already developed by the present motion, is not a barrier to dismissing the case.[1]

The only other alleged "new" information in Defendants' Reply is nothing more than legal argument about the Uniform Act to Secure an Out of State Witness. Defendants' arguments respond directly to ***Plaintiffs'*** contention in their Response that "the [s]ubpoena [v]iolated the Uniform Act." Plaintiffs' Response (Dkt. 45) at 12. Plaintiffs devote ***nine pages*** of their Response to the Uniform Act. *Id*. at 10-18. While every plaintiff would like the chance to respond to a defendant's reply in support of a motion, these Plaintiffs cannot credibly claim that they did not have the opportunity to fully brief the purported significance of

---

[1] Of course, even if Defendants' motion—or their reply—raised new facts, the Court has the discretion to treat it as a motion for summary judgment. Fed. R. Civ. P. 12(d). Defendants stand ready to prove that they have hundreds of employees in Georgia.

Uniform Act in their Response. "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Hornor, Townsend & Kent, Inc. v. Hamilton*, No. 1:01-CV-2979, 2004 U.S. Dist. LEXIS 20789 (N.D. Ga. Sept. 30, 2004) (citing *Garrison v. Northeast Ga. Med. Ctr., Inc.*, 66 F. Supp. 2d 1336 (N.D. Ga. 1999)); *Mitchell v. Volkswagen Group of Am., Inc.*, 753 F. Supp. 2d 1264, 1267 (N.D. Ga. 2010) ("The Court should exercise its discretion of allowing surreplies 'only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'") (citation omitted).

In any event, Plaintiffs have effectively already submitted their "surreply" by spelling out their new arguments in their Motion for Leave to File Surreply. There is nothing new for Plaintiffs to say. At some point, the briefing must end.

**CONCLUSION**

Because Defendants raise no new arguments and submit no new evidence in their Reply Brief, Defendants oppose Plaintiffs' Request to File a Surreply and Plaintiffs' Motion to Strike unspecified portions of Defendants' Reply. While Defendants do not oppose Plaintiffs' Request for Oral Argument, Defendants believe that oral argument is unnecessary and would do nothing more than

consume the Court's and parties' resources to rehash arguments amply raised in the hundred pages of briefing already submitted on the pending motion.

Respectfully submitted, this 22nd day of June, 2011.

*/s/ Alison B. Prout*
Frank M. Lowrey IV
Georgia Bar No. 410310
lowrey@bmelaw.com
Alison B. Prout
Georgia Bar No. 141666
prout@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**
One Atlantic Center, Suite 3900
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

***Attorneys for Defendants***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted, this 22nd of June, 2011.

*/s/ Alison B. Prout*
Alison B. Prout
Georgia Bar No. 141666
Email: *prout@bmelaw.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the within and foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR HEARING AND MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE SURREPLY** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

Joshua A. Millican, Esq.
Law Office of Joshua A. Millican, P.C.
The Grant Building, Suite 706
44 Broad Street, N.W.
Atlanta, Georgia 30303

Anthony J. Morgese, Esq.
Morgese Law Firm
3233 S. Cherokee Land
Building 1000
Woodstock, Georgia 30188

This 22nd day of June, 2011.

*/s/ Alison B. Prout*
Alison B. Prout
Georgia Bar No. 141666

889606.1