IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FAYELYNN SAMS and HAROLD SAMS, individually, and on behalf of class of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION |
| WINDSTREAM COMMUNICATIONS, INC., WINDSTREAM GEORGIA, LLC, and WINDSTREAM GEORGIA COMMUNICATIONS, LLC, | ) ) ) ) ) | FILE NO. 1:10CV3525-TCB |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Without waiting for a ruling on their pending motion to file a surreply, Plaintiffs have now filed their *fourth* brief in opposition to Defendants' Motion for Judgment on the Pleadings. Three recent decisions – *Sams v. Yahoo!, Inc.*, 2011 U.S. Dist. LEXIS 53202 (N.D. Cal. May 16, 2011), *Hubbard v. MySpace, Inc.*, 2011 U.S. Dist. LEXIS 58249 (S.D.N.Y. June 1, 2011), and *Booker v. Dominion Va. Power*, 2010 U.S. Dist. LEXIS 44960 (E.D. Va. May 7, 2010) – confirm that the SCA does not support their third-party attacks on ISPs. But instead of withdrawing their Complaint, Plaintiffs continue to grasp at tangents, flaunting the

892494.1

Local Rules's briefing and page-limit restrictions in the process. Plaintiffs' continued attempt to deflect attention from the narrow question before the Court of whether Windstream complied with its duty under the SCA to respond to grand jury subpoenas (and whether it is entitled to statutory immunity for doing so), is wasting the Court's and Defendants' time.

Though styled as a "Notice of Supplement Authority," Plaintiffs' brief barely discusses the two purportedly relevant new authorities. This is because neither case is on point, and neither warrants a notice of supplemental authority.

***Yeary v. State*, 2011 WL 2436664 (Ga. June 20, 2011):**

If *Yeary* has anything to do with the case at bar, it supports Defendants, not Plaintiffs. There, the Georgia Supreme Court considered "whether the Uniform Act authorizes a party in a criminal proceeding to seek purportedly material evidence from an out-of-state corporate entity without naming a person within the corporation as the witness to be summoned to Georgia." 2011 WL 2436664, at *2. That is not relevant here, since Plaintiff has not argued that Windstream violated the SCA because the subpoena did not name a specific individual to be Windstream's witness.

In any event, the Georgia Supreme Court held that a subpoena *could* name just the corporation itself as a witness, without identifying a specific agent. Indeed, "the more expedient course is to . . . leave the issue of designation of its

human agent to the corporation." *Id*. at *3.  So *Yeary* bolsters **Defendants'** position that, by designating "Windstream Communications" as the witness, the subpoena here did *not* purport to require the attendance of a North Carolina—or any other out-of-state—witness.  Accordingly, the Uniform Act to Secure an <u>**Out of State**</u> Witness ("Uniform Act") does not apply.

*Yeary* also validates Defendants' reliance on the two Florida cases, *GM Corp.* and *CMI, Inc.*, rather than undermining it, as Plaintiffs claim.[1]  *GM Corp.* and *CMI, Inc.* held that when a subpoena "is directed to a foreign corporation authorized to do, registered to do and doing business in Florida, the Uniform Law is inapplicable."  *GM Corp.*, 357 So. 2d at 1047; *see also CMI, Inc.*, 2010 Fla. App. LEXIS 8700.  Citing these cases as examples, Defendants have argued that the Uniform Act does not apply because Windstream (with offices, witnesses and a registered agent in Georgia) is not an out-of-state witness.

In *Yeary*, the Georgia Supreme Court did not apply *GM Corp.* and *CMI, Inc.*, but only because the corporate witness in *Yeary* did *not* have a registered agent in Georgia:  "*General Motors* is not applicable to the case at bar since there is evidence that [the witness] is an out-of-state corporation and there is no evidence that [the witness] is authorized to do business in Georgia, is registered to do

---

[1] *GM Corp. v. State*, 357 So. 2d 1045, 1047 (Fla. Dist. Ct. App. 1978); *CMI, Inc. v. Landrum*, 2010 Fla. App. LEXIS 8700 (Fla. Dist. Ct. App. June 18, 2010).

892494.1

business in Georgia, is doing business in Georgia, and has a registered agent in Georgia." *Yeary*, 2001 WL 2436664, at *3.  This implies that the Georgia Supreme Court supports the underlying reasoning of these cases, *i.e.*, that the Uniform Act does not apply where – as here – the corporate witness maintains a registered office and agent in state.  So *Yeary* supports Defendants' position that Uniform Act does not apply here and certainly does not undermine Defendants' citation to *GM Corp.* or *CMI, Inc.*[2]

### *Davenport v. State*, 2011 WL 2436668 (Ga. June 20, 2011):

Plaintiffs' second "new authority," *Davenport*, is wholly irrelevant.  There, the Georgia Supreme Court analyzed "the appropriate standard by which a Georgia trial court should decide whether an out-of-state witness is a 'material witness.'" *Davenport*, 2011 WL 2436668, at *4.  It is difficult to see how Plaintiffs could have thought that this case had any bearing on whether Windstream complied with the SCA.

---

[2] While not remotely supporting their claims, Plaintiffs' brief does confirm yet again that their SCA challenge boils down to service and nothing more.  Plaintiffs argue that *GM Corp.* and *CMI, Inc.* do not apply because "[i]n the instant matter, the Georgia[-]issued subpoena *duces tecum* was not served on the Defendants' registered agent or any other representative in Georgia, where it could have been a valid, enforceable subpoena."  Plaintiffs' Notice of Supplemental Authority at 2.  But "the right to insist on service by a particular means is a right personal to [Windstream] that [Sams] lacks standing to challenge." *Booker*, 2010 U.S. Dist. LEXIS 44960, at *16.

892494.1

In sum, Plaintiffs' Notice of Supplemental Authority identifies no relevant authority, provides no support for Plaintiffs' claims, and effectively exceeds the briefing limitations of the Local Rules.  Defendants assert for the second time that there is nothing left for Plaintiffs to say.  Any further effort by Plaintiffs to argue the Motion for Judgment on the Pleadings outside the ordinary briefing schedule should carry consequences.

Respectfully submitted, this 6th day of July, 2011.

*/s/ Alison B. Prout*
Frank M. Lowrey IV
Georgia Bar No. 410310
lowrey@bmelaw.com
Alison B. Prout
Georgia Bar No. 141666
prout@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**     *Attorneys for Defendants*
One Atlantic Center, Suite 3900
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

892494.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the within and foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

>Joshua A. Millican, Esq.
>Law Office of Joshua A. Millican, P.C.
>The Grant Building, Suite 706
>44 Broad Street, N.W.
>Atlanta, Georgia  30303
>
>Lisa T. Millican, Esq.
>Greenfield Millican P.C.
>607 The Grant Building
>44 Broad Street, N.W.
>Atlanta, Georgia  30303
>
>Anthony J. Morgese, Esq.
>Morgese Law Firm
>3233 S. Cherokee Land
>Building 1000
>Woodstock, Georgia  30188

892494.1

This 6th day of July, 2011.

                                            */s/ Alison B. Prout*
                                            Alison B. Prout
                                            Georgia Bar No. 141666